IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JASON E. TAVERNARO, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PIONEER CREDIT RECOVERY, INC., )<br>)<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 20-2141-KHV |

**MEMORANDUM AND ORDER**

Jason E. Tavernaro brings suit against Pioneer Credit Recovery, Inc. ("Pioneer") for alleged violations of the Federal Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et. seq. Amended Complaint (Doc. #15). Plaintiff alleges that defendant—a debt collector— violated the FDCPA when it sent his employer a wage withholding order in the name of a creditor. Id. Plaintiff endeavors to represent a class of similarly situated persons. This matter is before the Court on the Motion To Dismiss By Defendant Pioneer Credit Recovery, Inc. (Doc. #24) filed June 19, 2020. For reasons stated below, the Court sustains defendant's motion.

**Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face. Id. at 679–80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws

on its judicial experience and common sense.  Iqbal, 556 U.S. at 679.   The Court need not accept as true those allegations which state only legal conclusions.  See id.

Plaintiff bears the burden of framing his claim with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  See Twombly, 550 U.S. at 556.  Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 678.   Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" defendant's liability.  Id.  (quoting Twombly, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand.  Id.   Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not "shown"—that the pleader is entitled to relief.  Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes.  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).  The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party.  Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).  In addition to the complaint, however, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."  Alvarado v. KOB-TV, LLC, 493 F.3d 1210,

1215 (10th Cir. 2007) (quoting Jacobsen, 297 F.3d at 941).

## **Factual And Procedural Background**

Plaintiff's amended complaint alleges as follows:

In February of 2020, defendant sent plaintiff's employer an "Order of Withholding from Earnings" ("OWE"). The amended complaint refers to this document as a "letter" from a debt collector, i.e. defendant. However, the OWE is an administrative garnishment order issued and signed by Educational Credit Management Corporation ("ECMC") pursuant to 20 U.S.C. § 1095a and 34 C.F.R. §§ 682.410(b)(6)(vi), 682.410(b)(8) and (9). Plaintiff does not allege that ECMC lacked authority to issue the OWE or that it violated any applicable law by retaining defendant, who actually is a debt collector and may or may not have been acting as such, in mailing the OWE. Furthermore, plaintiff does not allege that the OWE which ECMC issued was legally deficient in form or in content.

The OWE stated that ECMC held a federally insured student loan debt on which plaintiff was in default. The OWE further stated, "This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose." It explained that defendant was assisting ECMC with administrative activities associated with the wage garnishment and asked plaintiff's employer to remit payments payable to defendant. The OWE also stated that questions could be posed to defendant.

Plaintiff does not allege that defendant authored the OWE but insists "on information and belief" that in sending it, defendant was trying to make it look like ECMC was the sender. Plaintiff alleges that defendant thereby violated the FDCPA, 15 U.S.C. §§ 1692, 1692e(10) and 1692e(14), because ECMC is not Pioneer's "true name" and use of ECMC's logo on the OWE and name was "a false, deceptive or misleading means to collect a debt." Plaintiff further alleges that

such an action was a "false misrepresentation and/or a deceptive practice to collect or attempt to collect debt" and constitutes "unfair or unconscionable means." The amended complaint does not allege that the OWE itself or defendant's act of sending it deceived or misled plaintiff or his employer in any way. Nor does it allege how any ambiguity regarding the identity of the sender was unfair, unconscionable or material. The amended complaint artfully intones the language of the FDCPA but alleges no facts which substantiate its formulaic recitations.

## Analysis

Defendant argues that plaintiff's claim should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim. To state a claim for a violation of the FDCPA, plaintiff must set forth four elements: (1) plaintiff must be a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt at issue must arise "out of a transaction entered into primarily for personal, family, or household purposes;" (3) defendant must be a "debt collector" under 15 U.S.C. § 1692a(6); and (4) through its acts or omissions, defendant must have violated the FDCPA. Yang v. Midland Credit Mgmt., Inc., No. 15-2686-JAR, 2016 WL 393726, at *1 (D. Kan. Feb. 2, 2016). Defendant does not dispute that plaintiff has alleged the first three elements of an FDCPA claim. Thus, the Court only evaluates whether plaintiff has sufficiently alleged that defendant violated the FDCPA.

Plaintiff alleges that defendant tried to make it look like the OWE was from ECMC, when in fact defendant mailed it. Plaintiff asserts that by doing so, defendant violated four FDCPA requirements. Specifically, plaintiff alleges that defendant violated the following provisions: (1) the debt collector must use only its "true name," 15 U.S.C. § 1692e(14); (2) the debt collector cannot use "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e; (3) the debt collector cannot use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information

concerning a consumer," 15 U.S.C. § 1692e(10); and (4) the debt collector cannot use "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.  Amended Complaint (Doc. #15), ¶¶ 29, 31–33.  Plaintiff asserts these four violations in the same count and cites the same conduct as the basis for each of the violations.  See id.

**I.     Section 1692e**

Three of plaintiff's four claims arise under Section 1692e of the FDCPA.  Amended Complaint (Doc. #15) at ¶¶ 29, 31, 32.  First, plaintiff alleges that defendant violated the FDCPA prohibition on "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."  15 U.S.C. § 1692e(14).  This provision is commonly called the "true name" provision.  Second, plaintiff alleges that defendant violated the catchall provision of Section 1692e, which prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and enumerates sixteen examples of prohibited conduct.  Third, plaintiff alleges that defendant violated Section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  The FDCPA does not define the terms "false," "deceptive" or "misleading."

To allege a violation of Section 1692e, plaintiff must show that (1) defendant engaged in a practice that was false, deceptive, or misleading and (2) the false, deceptive, or misleading statement was material, in that it had the potential to frustrate the least sophisticated consumer's ability to choose his or her response.  Boedicker v. Rushmore Loan Mgmt. Servs., LLC., No. 16-2798-JTM, 2017 WL 1408158, at *5 (D. Kan. Apr. 20, 2017).

A.     **Plaintiff Has Not Alleged That Defendant's Alleged Misrepresentation Was Material**

For a representation to be material, the representation must "be the type of misstatement that would have been important to the consumer in deciding how to respond to efforts to collect the debt" or create the "potential to frustrate the least sophisticated consumer's ability to intelligently choose his or her response." Id. (citing Conteh v. Shamrock Cmt. Ass'n, Inc., 648 F. App'x. 377, 379 (4th Cir. May 19, 2016) (internal quotes omitted)).[1] The least sophisticated consumer[2] is one who does not possess the "astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer." Ferree, 1997 WL 687693, at *1 (citing Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)).  The least sophisticated consumer, however, would still read the OWE with care. Id.

Whether a misleading representation is material has traditionally been a mixed question of law and fact. Wagnon v. State Farm Fire and Cas. Co., 146 F.3d 764, 768 (10th Cir. 1998) (mixed question in breach of contract claim); see Sexton v. Poulsen and Skousen P.C., 372 F. Supp. 3d 1307, 1321–22 (D. Utah 2019) (materiality mixed question in FDCPA claim).  As such, in most circumstances it should be determined by the trier of fact so long as plaintiff's complaint is legally

---

[1]     While the Tenth Circuit has not formally adopted the "least sophisticated consumer" standard, it has noted that other circuit courts have done so and has applied the standard in an unpublished opinion. Ferree v. Marianos, 129 F.3d 130 (table), 1997 WL 687693, at *1–2 (10th Cir. Nov. 3, 1997).

[2]     While some circuits have applied the "unsophisticated consumer" standard in lieu of the "least sophisticated consumer" standard, the tests do not materially differ in their application or outcome. See Kalebaugh v. Berman & Rabin, P.A., 43 F. Supp. 3d 1215, 1221 (D. Kan. 2014). Defendant does not dispute the application of the "least sophisticated consumer" standard. Motion To Dismiss By Defendant Pioneer Credit Recovery, Inc. (Doc. #24).

sufficient to state a claim.

Plaintiff asserts that defendant's alleged misrepresentation has the potential to interfere with the least sophisticated consumer's ability to choose his or her response. Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss (Doc. #30) at 20–21. Specifically, without explanation, plaintiff argues that consumers have different rights against debt collectors, as opposed to creditors.[3] Factually, plaintiff fails to identify any differences that would be material in this case. Id. at 21. Plaintiff also asserts a series of questions that the least sophisticated consumer may have after reading the OWE, but he again fails to explain how varying answers are material in this case. Id.

The amended complaint does not allege that the OWE frustrated his or his employer's ability to intelligently choose a response. Plaintiff argues that defendant used ECMC's name to make the OWE "more intimidating and impactful," but the amended complaint makes no such allegation and does not allege a factually tenable theory in support of that theory. Id. at 13. Plaintiff asserts that defendant hoped to recover more money by making the OWE appear to be from a government guaranty agency rather than a debt collector. Id. Again, plaintiff does not cite authority for a theory that collection efforts by a guaranty agency are more intimidating than collection efforts by a debt collector, nor does he assert that his employer would have responded to the OWE differently, if it had appeared to be from defendant and not ECMC.

While plaintiff need not allege that he or his employer acted on defendant's false representation, he must allege that defendant's misrepresentation could frustrate the least

---

[3] Indeed, the FDCPA does not apply to creditors. See Schroder v. Feld 426 F. Supp. 3d 602, 611 (D. Neb. 2019) (citing Behrens v. GMAC Mortg., LLC, No. 8:13-cv-72, 2013 WL 6118415, at *2 (D. Neb. Nov. 21, 2013), aff'd sub nom. Behrens ex rel. Behrens v. GMAC Mortg., LLC, 566 F. App'x 546 (8th Cir. 2014) (citing multiple cases)).

sophisticated consumer's ability to respond intelligently.  See Yang, 2016 WL 393726, at *2 (consumer need not act upon defendant's misrepresentation to suffer injury); Boedicker, 2017 WL 1408158, at *5 (to sustain a claim under Section 1692e, plaintiff must show violation material). At the motion to dismiss stage, plaintiff must allege facts that support a finding of materiality. Plaintiff's formulaic recitations of statutes are insufficient.  Such assertions do not even raise the possibility that the OWE was materially misleading.  Specifically, with regard to defendant, plaintiff has not alleged how knowledge of who mailed the OWE was material to his, his employer's or the least sophisticated consumer's response.

**B.    Plaintiff Has Not Stated A Claim For Relief Under 15 U.S.C. Sections 1692e, 1692e(10) Or 1692e(14)**

Plaintiff claims that by sending ECMC's OWE, defendant violated the "true name" provision of the FDCPA.   15 U.S.C. § 1692e(14).   The "true name" provision prohibits using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization."   Id.   Put simply, the debt collector may not "lie about [their] institutional affiliation."   Sheriff v. Gillie, 136 S. Ct. 1594, 1602 (2016) (citing Gillie v. Law Office of Eric A. Jones, LLC, 785 F.3d 1091, 1115 (6th Cir. 2016) (Sutton, J., dissenting)).   While the Tenth Circuit has not decided the issue, many circuits treat violations of the FDCPA, including the true name provision, as strict liability in nature.  See Billsie v. Brooksbank, 525 F. Supp. 2d 1290, 1293 (D.N.M. 2007) (collecting cases in which Second, Seventh, Eighth and Ninth Circuits treated FDCPA as strict liability statute).   Plaintiff alleges that defendant is liable because in sending the OWE, defendant used a name other than its own "true name."

Defendant argues that the OWE was "lawfully created and issued by ECMC for Pioneer's use," Motion To Dismiss By Defendant Pioneer Credit Recovery, Inc. (Doc. #24) at 6, and cites

provisions of the Code of Federal Regulations that allow third parties such as defendant to send "garnishment orders and other communications to employers on behalf of the [guaranty] agency," here ECMC.   Id. at 6 n.4 (citing 34 C.F.R. § 682.410(b)(9)(i)(T)(1)(ix)).

According to the amended complaint, defendant's conduct was limited to physically sending ECMC's OWE to plaintiff's employer.  Plaintiff does not allege that ECMC lacked authority to issue the OWE or that ECMC lacked the authority to ask defendant to mail it.  The OWE discloses defendant's role in assisting ECMC with administrative duties associated with the OWE.  Plaintiff's theory that defendant secretly authored the OWE and prominently placed ECMC's logo at the top of page one "to make it appear as though it were sent by ECMC" is circular, incoherent and bizarre because the amended complaint alleges no debt collection benefit which could accrue to defendant on account of this strategy.  Plaintiff's theory also makes no sense because it suggests no reason why ECMC, as principal, could not retain an agent such as defendant to assist with administrative aspects of sending an OWE to a debtor's employer.  Here, the OWE disclosed precisely such a relationship.  As such, plaintiff has not sufficiently alleged how defendant violated the true name provision of the FDCPA.

For these same reasons, plaintiff's claims under 1692e and 1692e(10) must fail.  Plaintiff has not shown that the least sophisticated consumer would find the OWE misleading.  Even if defendant physically mailed the OWE, plaintiff has not alleged that defendant lacked the authority—whether on common law agency principles, the FDCPA or other law—to send it on ECMC's behalf.  Plaintiff has not factually alleged how the least sophisticated consumer could be misled simply by reading an OWE put in the mailbox by someone other than the sender.

## II.     Plaintiff Has Not Stated A Claim Under 15 U.S.C. Section 1692f

Plaintiff argues under Section 1692f, it was unconscionable and unfair for defendant to

send an OWE that appeared to be from ECMC. The statute states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" but does not define "unconscionable" or "unfair." 15 U.S.C. § 1692f.

It is unclear whether unfairness or unconscionability is a question of law or fact. The parties do not dispute the terms of the OWE. See Amended Complaint (Doc. #15) at Ex. 1. Thus, based on Supreme Court dicta in Sheriff v. Gillie, the Court assumes that the question may be resolved as a question of law.

Plaintiff's complaint asserts only a single count. That count argues that defendant's violation of the true name provision of Section 1692e(14) also violates Section 1692f. As both parties agree, plaintiff's claims therefore turn on the same issue: whether the OWE was materially misleading to the least sophisticated consumer. See Motion To Dismiss By Defendant Pioneer Credit Recovery, Inc. (Doc. #24) at 11 (arguing that viability of plaintiff's claims "turn on the same issue"); Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss (Doc. #30) at 9 (agreeing with defendant that plaintiff's claims "turn on the same issue"). Because this Court finds that the OWE was not materially misleading, and because plaintiff has not alleged conduct by defendant was unfair or unconscionable, plaintiff's allegations under Section 1692f are insufficient. The Court therefore sustains defendant's motion to dismiss.

**IT IS THERFORE ORDERED** that defendant's Motion To Dismiss By Defendant Pioneer Credit Recovery, Inc. (Doc. #24) filed June 19, 2020 is **SUSTAINED.**

Dated this 25th day of September, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
